UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW K. HOLLERAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV2051 SNLJ |
| | ) | |
| HERBERT L. BERNSEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's pretrial application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. After review of the application for writ of habeas corpus and the accompanying filings, petitioner's application for writ of habeas corpus will be denied and dismissed.

Petitioner is a pretrial detainee at the St. Louis County Justice Center awaiting removal to some unnamed jurisdiction under some unidentified criminal warrant. Petitioner has failed to articulate in his petition, his amended petition, and his four accompanying filings brought to this Court exactly what charge he is currently being held on, what jurisdiction he is purportedly being held for, and what complaint or warrant he is currently being held on. Although petitioner has attached a copy of a state court docket sheet to his amended petition, the docket sheet does not convey any information relating to an accompanying charge or any identifying information about a purported detainer.[1]

---

[1] Although this Court has attempted to review Missouri.Case.Net, the docket referenced by petitioner is sealed from the public, thus, the Court has not been able to ascertain any additional information about petitioner's charges.

Petitioner's arguments in his briefs are somewhat convoluted, but he appears to be arguing that the Missouri State Court has lost jurisdiction over him because they refused to provide him with a "Governor's Warrant" within the time-frame described in Mo.Rev.Stat. § 548.171. Such a claim is not cognizable in a writ of habeas corpus action, brought pursuant to 28 U.S.C. § 2241. A writ of habeas corpus under 28 U.S.C. § 2241 shall not extend to a prisoner unless he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Petitioner's claim is purely a state law claim and does not involve either a federal law or a Constitutional violation. As such, he is not entitled to relief under § 2241.

Moreover, in his last brief before this Court [Doc. #8], petitioner admits that he was served on December 19, 2014, with what appeared to be a "Governor's Warrant." Even assuming that petitioner was correct in his assertion that at some point he was held illegally by the State because he was "held over" on a "fugitive warrant" or some other kind of unnamed warrant that was improperly extended, the fact that his restraint might have been illegal for a period of time does not entitle him to a discharge from custody now, if in the meantime the illegality of the restraint was removed and he is now imprisoned lawfully under the "Governor's Warrant." *See Lombardo v. Tozer*, 264 S.W.2d 376, 378-79 (Mo. 1954).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's remaining motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of January, 2015.

                                                 _____
                                                 STEPHEN N. LIMBAUGH, JR.
                                                 UNITED STATES DISTRICT JUDGE